**Brett H. Klein, Esq., PLLC**
305 Broadway, Suite 600
New York, New York 10007
T: (212) 335-0132 F: (212) 335-0571

February 10, 2022

The Honorable John P. Cronan
United States District Judge
500 Pearl Street
New York, New York 10007

      Re:    *Michael Osgood v. City of New York, et al.*, 21 CV 9460 (JPC)

Your Honor:

I represent plaintiff Michael Osgood in the above-referenced civil rights action. I write in response to defendants' request for a pre-motion conference (ECF Doc. 45).

## I.    Factual Background

Plaintiff, a former NYPD Special Victims Division (SVD) Deputy Chief, alleges he was ordered pursuant to the City of New York and NYPD's policy and practice of suppressing speech about NYPD failings, to withhold information, provide incomplete testimony, and generally slow walk and obstruct an investigation into SVD undertaken by the Office of the Inspector General for the NYPD (OIG-NYPD). *See e.g.*, ECF Doc. 1 ¶¶ 40-41, 46-49, 54, 56, 60, 64, 68-73, 115. Instead, plaintiff testified fully and truthfully regarding SVD failings, and as a result plaintiff was subjected to a continuing course of workplace harassment, threatened with demotion and termination, demoted, and constructively terminated. *See e.g.*, *id.* at ¶¶ 2, 44-47, 50-53, 55-57, 61-62, 82, 84, 88-94, 99-100, 106. The NYPD's treatment of plaintiff made his working conditions so intolerable, difficult, and unpleasant, that on November 23, 2018, Mr. Osgood felt compelled to go on terminal leave, planning to use accrued paid leave before officially retiring early. *See id.* at ¶ 104. However, on July 30, 2020, after Mr. Osgood was more than a year and a half into his terminal leave, in a continuing course of retaliatory conduct, he was ordered into an interrogation by the NYPD's Internal Affairs Bureau for speaking to the press. *See id.* at ¶ 105. After this further act of retaliation for plaintiff's exercise of protected speech, plaintiff forfeited his remaining paid leave, and was thereby constructively terminated on August 11, 2020. *See id.* at ¶ 106.

## II.    Legal Argument

To state a valid claim for relief under Rule 8, one must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). "To survive a Rule 12(b)(6) motion to dismiss, the allegations in the complaint must meet a standard of 'plausibility.'" *Bouche v. City of Mount Vernon*, 2012 WL 987592, *2 (S.D.N.Y. 2012). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* Plaintiff has met this standard as to both claims and therefore defendants' proposed motion is futile.

### A.    Plaintiff has sufficiently pled his *Monell* claim

Federal *Monell* claims "are not subject to a heightened pleading standard and need only comply with the notice pleading requirement of Rule 8(a)(2) of the Federal Rules of Civil

Procedure." *Cantey v. City of New York*, 10 CV 4043 (JPO), 2012 WL 6771342, *2-3 (S.D.N.Y. Dec. 11, 2012); *see also Jones v. Westchester Cnty. Dep't of Corr. Med. Dep't,* 557 F.Supp.2d 408, 417 (S.D.N.Y. 2008). In order "[t]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York,* 490 F.3d 189, 195 (2d Cir. 2009). Here, plaintiff has plausibly alleged that the City and NYPD had a policy and practice of suppressing speech by department members about NYPD's failings, and that this practice was so widespread that it constituted the constructive acquiescence of policymakers. *See e.g.*, ECF Doc. 1 ¶ 115. Further, plaintiff alleged that individual policymakers directly participated in and/or expressly and/or tacitly condoned this unconstitutional policy. Consequently, plaintiff's constitutional rights were violated. This policy is also evidenced by top NYPD policy makers' direct involvement in retaliating against plaintiff for speaking out about SVD failings and Mayor De Blasio's simultaneous firing of Mark G. Peters, the head of OIG-NYPD, which effectively quashed the OIG investigation into SVD. *See e.g.*, *id.* at ¶¶ 98-103, 115. Insofar as plaintiff has stated a plausible *Monell* claim, dismissal of his claim at this stage is premature since he has not yet had any opportunity to review the discovery necessary to further flesh out his claim. *See Cantey*, 2012 WL 6771342 at *5. *Jones*, 557 F. Supp.2d at 417; *Gordon v. City of New York*, 14 CV 6115 (JPO), 2015 WL 3473500, at *16 (S.D.N.Y. June 2, 2015).

### B.  Plaintiff has sufficiently pled his First Amendment claim

First, plaintiff claims regarding his removal from the Hate Crimes Task Force and exclusion from briefings between April and November are timely because "'federal courts [are] obligated . . . to apply the New York rule for tolling [] statute of limitations." *Bowers v. City of Salamanca*, No. 20 Civ. 1206 (LJV), 2021 WL 2917672, *5 (W.D.N.Y. July 12, 2021). *See also Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (citing *Board of Regents v. Tomanio*, 446 U.S. 478, 484–86, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980)); *see also*, *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007); *Bonilla v. City of New York*, No. 20 CV 1704 (RJ)(DLB), 2020 WL 6637214, at *2 (E.D.N.Y. Nov. 12, 2020). On March 20, 2020, in response to the ongoing global pandemic, Governor Andrew Cuomo issued Executive Order (E.O.) 202.8, which tolled all statutes of limitation. *See Brash v. Richards*, 195 A.D.3d 582, 149 N.Y.S.3d 560, 563 (2021). Governor Cuomo subsequently further extended the tolling provision set forth in E.O. 202.8 through November 3, 2020, via executive order 202.67, for a total toll of 228 days. This toll applies to plaintiff's claims, and extends plaintiff's statute of limitations by 228 days, from May 2021 to December 2021. Plaintiff commenced his action on November 15, 2021, and therefore the events alleged from May through November are timely. *See Bowers*, 2021 WL 2917672, at *6; *Bonilla*, 2020 WL 6637214, at *2. Alternatively, they are timely because plaintiff has pled a series of connected retaliatory events sufficient to establish a continuing violation, or at a minimum to preclude determination on the issue at this stage. *See Monsour v. New York State Off. for People with Developmental Disabilities*, No. 1:13-CV-0336 TJM CFH, 2014 WL 975604, at *6 (N.D.N.Y. Mar. 12, 2014) (holding that "[w]hether Plaintiff has been subjected to a pattern of connected retaliatory treatment as he alleges in his lengthy Amended Complaint, or to discrete unrelated events, is an issue that cannot be resolved at the Rule 12 stage.")

Second, plaintiff has alleged facts sufficient to plausibly plead a First Amendment retaliation claim. While creating internal power points and memos regarding SVD may fall within plaintiff's duties, this is not the speech which is the subject of plaintiff's claims. Rather, plaintiff

2

alleges he was retaliated against for providing truthful information and sworn testimony in an external investigation by the OIG-NYPD, speech which he provided as a compelled witness, and at least on one occasion under oath, and for speaking to the press while on leave from the NYPD. *See e.g.,* ECF Doc. 1 ¶¶ 88-89, 105. Plaintiff's testimony to OIG-NYPD is protected First Amendment speech regardless of the fact that plaintiff is a public employee. *See Lane v. Franks*, 573 U.S. 228, 238-39 (2014) (providing "truthful sworn testimony, compelled by subpoena, outside the scope of [one's] ordinary job responsibilities" is protected speech); *Reilly v. City of Atl. City*, 532 F.3d 216, 231 (3d Cir. 2008) ("the act of offering truthful testimony is the responsibility of every citizen, and the First Amendment protection associated with fulfilling that duty of citizenship is not vitiated by one's status as a public employee."); *Kaluczky v. City of White Plains*, 57 F.3d 202, 210 (2d Cir.1995) ("[v]oluntarily appearing as a witness in a public proceeding or a lawsuit is a kind of speech that is protected by the First Amendment."); *Benedict v. Town of Newburgh*, 95 F.Supp.2d 136, 143 (S.D.N.Y.2000) ("testifying truthfully is constitutionally protected from retaliation"). Here, plaintiff provided compelled testimony and, in contravention of his superiors, truthful information, in response to an external official OIG investigation regarding matters of public concern, to wit: the NYPD's handling of special victim cases. Pursuant to the above authority, Mr. Osgood's speech was protected by the First Amendment. Further, plaintiff's statements to the press while on leave and no longer actively working for NYPD were also protected speech. *See Schoolcraft v. City of New York*, 103 F. Supp. 3d 465, 508 (S.D.N.Y.), *on reconsideration in part*, 133 F. Supp. 3d 563 (S.D.N.Y. 2015).

Plaintiff has also plausibly pled that he was subjected to a course of retaliatory harassment, hostility, demotion, and disciplinary investigation sufficient for a rational trier of fact to infer that the NYPD was deliberately making plaintiff's "working conditions so intolerable that [he] was forced into an involuntary resignation" and thereby constructively terminated. *See Murray v. Town of N. Hempstead*, 853 F. Supp. 2d 247, 269 (E.D.N.Y. 2012). Moreover, the retaliatory acts were not attenuated from plaintiff's conduct, but rather began when plaintiff first began cooperating with the OIG-NYPD investigation and were ongoing up and through the NYPD's initiation of an IAB investigation of plaintiff for making statements to the press while on terminal leave.

Mr. Osgood has thus plausibly pled his causes of action. However, because additional details can be added in further support of his claims, and in accordance with Your Honor's individual rules that a pre-motion response should indicate if a plaintiff intends to avail himself of his right pursuant to Rule 15, should defendants be permitted to move to dismiss, at this time plaintiff contemplates amending his complaint in response to any prospective motion to dismiss.

Thank you for your consideration.

Respectfully submitted,

*Brett Klein*

Brett H. Klein

cc by ECF:    Dominique F. Saint-Fort