```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK

In re:                                  :
                                               Docket #21cv9460
  OSGOOD,                               : 1:21-cv-09460-JPC-OTW

                Plaintiff,              :

  - against -                           :

  CITY OF NEW YORK, et al.,             : New York, New York
                                          March 8, 2022
                Defendants.             :

------------------------------------: INITIAL CASE
                                      MANAGEMENT CONFERENCE

                      PROCEEDINGS BEFORE
                   THE HONORABLE ONA T. WANG
                  UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:       BRETT H. KLEIN, ESQ. PLLC
                         BY:  BRETT KLEIN, ESQ.
                         305 Broadway, Suite 600
                         New York, New York 10007

For the Defendants:      NEW YORK CITY LAW DEPARTMENT
                         OFFICE OF THE CORPORATION COUNSEL
                         BY:  DOMINIQUE F. SAINT FORT, ESQ.
                         100 Church Street
                         New York, NY 10007




Transcription Service: Carole Ludwig, *Transcription Services*
                       155 East Fourth Street #3E
                       New York, New York 10009
                       Phone:  (212) 420-0771
                       Email:  Transcription420@aol.com

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

**INDEX**

**E X A M I N A T I O N S**

| **Witness** | **Direct** | **Cross** | **Re-Direct** | **Re-Cross** | **Court** |
|---|---|---|---|---|---|
| None | | | | | |

**E X H I B I T S**

| **Exhibit Number** | **Description** | **ID** | **In** | **Voir Dire** |
|---|---|---|---|---|
| None | | | | |

1

```
                                                                    3
         THE CLERK:  This is 21cv9460, Osgood v. City of
New York, et al, before the Honorable Ona T. Wang. Please
state your appearances for the record.
         MR. BRETT KLEIN: Good morning, Your Honor,
Brett Klein appearing for the plaintiff, Michael
Osgood.
         MS. DOMINIQUE SAINT-FORT:  Good morning, Your
Honor, Dominique Saint-Fort, New York City Law
Department Office of Corporation Counsel for
defendant.
         HONORABLE ONA T. WANG (THE COURT):  All right,
good morning, it's a pleasure to see people in person
again as we start opening up.  All right, I have before
you, before me, your proposed case management plan, I
don't have any problem with the date, so unless anything
has changed on that, I will enter the dates that are in
your scheduling order.
         MS. SAINT-FORT:  Your Honor, as an initial
matter, defendants requested a stay of discovery. I'm
not sure if Your Honor is going to address that --
         THE COURT:  I did say that we would address
that in this conference, right?
         MS. SAINT-FORT:  Yes.
         THE COURT:  Okay, that brings me to my next
```

```
                                                                    4
```

issue which is this case has been referred for general pretrial, okay.  What that means is anything that's pretrial and not a dispositive motion comes to me, all right?  So let's try to keep that clear as well, if you have other procedural issues, discovery related issued, a motion to stay discovery should properly be addressed to me.

All right, now you do have a motion to dismiss briefing scheduled before Judge Cronan now, right?

MS. SAINT-FORT:  Yes, Your Honor.

THE COURT:  Okay, what is the fully submitted date of that motion?

MS. SAINT-FORT:  Defendant's motion is due this coming Monday, the 14th of March. I believe plaintiff's opposition is due April 21st.  Let me be clear, excuse me, Your Honor.  The opposition, excuse me, April 11th and defendants' reply is due April 25th.

THE COURT:  Oh, sorry, okay, April 11th and then April 25th, okay.  Okay, and I mean as a general matter, I don't usually, I don't usually stay discovery during the pendency of a motion to dismiss, right, that doesn't happen as a matter of course. And is this a motion to dismiss the complaint in its entirety, Ms. Saint-Fort?

```
                                                               5
           MS. SAINT-FORT:  Yes, Your Honor.
           THE COURT:  Okay.  all right, let's hear from
 Mr. Klein.
           MR. KLEIN:  Thank you, Judge.  Your Honor,
 the, in our view we have set forth authority that in
 our view weighs in favor of the case proceeding on the
 merits, and we certainly don't want the case to be
 held back from proceeding towards trial. That said,
 we're not opposed to striking a fair balance, perhaps
 the parties can do paper discovery and then check back
 in with you in 45 days or something that Your Honor
 finds to be convenient and see where we are with
 regard to the status of any decision or proceeding
 with depositions at that point.
           On that note, with regard to the discovery
 schedule in total, in general, there are potentially
 many depositions in this case.  And so that not only
 will be time consuming, but costly, and I just would
 like to flag that I personally, now that things are
 opening up, I have a trial in April, a trial in June,
 a trial in August and so I see that impacting my
 ability to schedule things.
           THE COURT:  Yes.
           MR. KLEIN:  So I just wanted to be transparent
```

                                                                6

about that, my scheduling potential difficulties, but
also open to conserving resources where necessary. I
think paper discovery is something that the parties
can do even electronically and we had already provided
our initial disclosures and so has the defendants, and
see where we stand after several weeks.

            THE COURT:  Okay.  The other thing I saw in
your case management plan was to talk about the
possibility of settlement, is that still potentially
on the table? Because I think, I think you have a date
for, an earlier date for possible settlement
conference than would be humanly possible for Judge
Cronan to decide your motion to dismiss anyway. So --

            MR. KLEIN:  From plaintiff's perspective,
Judge, if we could be on an even playing field with the
City and have the documents relating to Mr. Osgood's, you
know, change in status, the IAB investigation, the issues
set forth in the complaint, I think then we can be in a
good position to evaluate settlement and know really
essentially what the City knows, weigh the strengths and
weaknesses and engage in meaningful talks.  There were
preliminary discussions about it and then the City
submitted its pre-motion conference letter and now here we
are.

```
 1                                                               7
 2              So we remain open to it, but I do think an
 3   exchange of documents would be helpful to further that
 4   goal.
 5              THE COURT:  Okay.  All right, any other thoughts
 6   or comments, Ms. Saint-Fort, and particularly about
 7   plaintiff's proposal of proceeding with some paper
 8   discovery during the pendency of the motion to dismiss?
 9              MS. SAINT-FORT:  It remains defendants' position
10   that we would like discovery to be stayed in total, simply
11   because of, we believe, I can understand opposing views but
12   what we believe to be the strength of our motion and that it
13   would be fully dispositive of this case.  Additionally, the,
14   even paper discovery I think in this action, just given the
15   individuals involved, the number of individuals is
16   potentially extensive, as plaintiff has listed in the type
17   of discovery that he would be looking for in this particular
18   case.  And given that, we, it would be our position that
19   discovery be stayed during the pendency of motion practice.
20              THE COURT:  All right, I have reviewed ECF-45 and,
21   is it 45 and 47, which were your letters regarding the Rule
22   12 motion and potential amendment, and it seems to me that
23   the issues in this case really have, the issues in this case
24   really seem to turn on the facts and on credibility. And I,
25   you know, given the volume of discovery that you're going to
```

```
                                                            8
be trying to get done, I don't think it would be advisable
to stay discovery.
          However, as I am mindful of the burden on counsel
and especially with things opening up we are all much
busier, why don't we, I will enter the schedule as it's
proposed in the case management plan.  Let's have counsel
work with each other and keep lines of communication open to
only do paper discovery for now, let's start with paper
discovery and let's look at, let's look at a date after the
motion is fully submitted for next status conference.
          Now, the other thing I will do is at the end of
this initial case management conference, we are going to go
off the record briefly and I am going to have, in person
what I normally have, and I think Ms. Saint-Fort is probably
familiar with them, what I call my pre-settlement call, to
kind of, to explore confidentially and off the record things
about timing of potential settlement discussions and where
that might fit in, okay?  So we'll put, we'll table that.
          The other issue is about amendment. I mean, Mr.
Klein, is it your expectation that potentially you would be
amending your complaint during the pendency of the motion to
dismiss briefing or what's, how does the timing of that play
in?
          MR. KLEIN:  So, Judge, we asked for a date to
```

```
 1                                                               9
 2   amend with sufficient time for us to review the defendant's
 3   motion.  While we would have leave in any event, we factor
 4   the timing of your scheduling order to fall in that time
 5   after the motion is served.  It's, it's -- we believe our
 6   complaint is factually sufficient and legally sufficient,
 7   but we certainly would want to have that placeholder to look
 8   at their motion, if there are any additional facts or legal
 9   matters that relate that need to be, that we may want to
10   add, we want to have that opportunity. But we think we have
11   all the parties at this point that we need and I would say
12   that the likelihood of amendment is 50/50 at this point.
13             THE COURT:  Okay.
14             MR. KLEIN:  It's not off the table, it's
15   something we thought about that may be necessary or may be
16   helpful, but --
17             THE COURT:  Okay, work with each other on how
18   you want to stage that. I'd like to see if you can work
19   out timing on that. If that means that your motion to
20   dismiss briefing schedule gets extended, or if your
21   proposed amended complaint ends up getting attached to
22   your opposition, Mr. Klein, try to work those timing
23   issues out together in the first instance. And if you
24   can't, or if you have a new proposed schedule that you've
25   stipulated to, submit it to my attention, you know, you
```

```
                                                           10
 1
 2  can file it on the docket and I will take care of that.
 3  If there's, you know, a need to change the dates on the
 4  briefing schedule I think that should be up to me, okay?
 5           MR. KLEIN:  Judge, if I may?
 6           THE COURT:  Yes.
 7           MR. KLEIN:  On that subject of things pilling
 8  up.  So I do have two substantial summary judgment
 9  oppositions due on April 1st.  So I don't have my calendar
10  because I had to give my phone in downstairs, but I think
11  the 4/4 amendment date in the pretrial scheduling order
12  might be a little ambitious. If it was 4/11 with our
13  opposition, maybe that would be on or before that date so,
14  you know, if we're able to either file it, we'll either
15  file it on or before or as an exhibit to our motion, maybe
16  if we could make it that date I'd appreciate that.
17           THE COURT:  A lot of this is hypothetical right
18  now since you haven't seen Ms. Saint-Fort's motion to
19  dismiss.
20           MR. KLEIN:  Correct.
21           THE COURT:  So why don't you take it in due
22  course. I'm not going to, you know, withhold an extension
23  jus for the sake of withholding an extension. I'm glad
24  that you fronted the issue --
25           MR. KLEIN:  Thank you.
```

```
                                                                11
          THE COURT:  And we'll take care of it if and
when it comes up, okay?
          MR. KLEIN:  Thank you.  Understood.
          THE COURT:  Maybe we'll settle the case before
then, who knows.
          The last, the last thing I wanted to address,
that I wanted to address before I ask you if you have
anything else and then we go off the record, is I see in
your case management plan that you do not consent to a
magistrate judge's jurisdiction at this time. That is
totally fine, but I usually put in a little plug that if
the parties consent I am happy to take the case for all
purposes and then, you know, it can move a little more
smoothly because you won't have this sort of back and
forth between whether you should be making your request to
the district judge or the magistrate judge, among other
things. But again, I also don't have any ego about, you
know, whether you consent or not, you know, you can do it
at any time, it's just once it's final there's no
(indiscernible). But think about that, think about whether
you'd like to do that at some time in the future, no
pressure on you but I wanted to make you aware of that and
let you know that I'd be happy to do that.
          Okay, is there anything else anybody needs to
```

```
                                                          12
address at this time on the record, Mr. Klein?
          MR. KLEIN:  Just in terms of checking back in
after paper discovery, will you be setting a case
management conference or --
          THE COURT:  Actually, yes.
          MR. KLEIN:  Okay.
          THE COURT:  That was another thing I had to do
was to set a date for a status conference.  Anything
else you need to address, Ms. Saint-Fort, before we
set a date for our next status conference?
          MS. SAINT-FORT:  I think it's already clear
from what you stated, Your Honor, but I just want to
clarify just to make sure I'm sure that when we're
talking about paper discovery we're not considering
electronic discovery?
          THE COURT:  You know, I leave that up to the
two of you to try to work out because, while
electronic discovery can be voluminous, sometimes the
management of it can be not as burdensome as one
thinks, right?  There's many assistive technologies
that one can do to and plans that one can put into
place where you can actually convey a lot of
information and exchange a lot of discovery without
the need for an attorney to touch and lay eyes on
```

```
 1                                                           13
 2  every single document and every single page.
 3            So I would like, actually what's the date that
 4  you have for your electronic discovery plan, protocol?
 5  Oh, by April 15th, okay.  So I'd like you to start
 6  talking about that and thinking about whether
 7  electronic discovery falls under document discovery
 8  or, you know, quote-unquote, "paper discovery."  I
 9  guess that highlights to me that I would expect
10  document discovery to proceed with the parties to
11  determine whether and where to put the electronic and
12  ESI documents, okay?  If you are, again, if you're
13  really having a hard time working this out, a joint
14  letter under my individual practices identifying the
15  dispute would be helpful and we'll, you know, we'll
16  set up a conference or I'll try to even rule on the,
17  on the letter, okay?
18            But until each of you, and particularly, Ms.
19  Saint-Fort, you have a handle on how much electronic
20  discovery is out there, how much ESI is out there, how
21  you would get your arms around it and how it would be
22  in the first instance sort of collected, segregated,
23  you know, whether you're going to use search terms or
24  some other technology assisted review to pull it
25  together, it might not be that burdensome.  Easy for
```

```
                                                              14
 1
 2   me to say since I'm not the one doing it, I
 3   acknowledge that, but it might not be as burdensome as
 4   you would think if you have a protocol in place where
 5   you can claw back documents or that, you know, the
 6   initial review or production can be with some caveat
 7   about, you know, how, how the search has been done,
 8   okay?  It seems like it would be, that would be
 9   something that would help both of you.  So if there
10   ends up being a dispute about it that you can't
11   resolve on your own I am happy to talk about it, but
12   in the first instance I'd like you to kind of see
13   what's out there and see if you can work something out
14   that's reasonable for both of you, okay?
15           All right, let's, if we assume that the motion
16   to dismiss will be fully briefed by April 25th, let's
17   look at some time after that.  So I'm thinking
18   possibly the first week of May.
19           THE CLERK:  You have 11:30 on the 5th.
20           THE COURT:  How is -- wait, 12 o'clock on the
21   5th or in the afternoon of the 5th?  So, Mr. Klein, you
22   said you don't have your calendar handy?
23           MR. KLEIN:  Yeah, I'm out of practice with
24   having my secure pass and didn't have it after being
25   in this building a thousand times. So if you want to
```

```
                                                          15
 1
 2  set the 5th at 12 or whatever time is convenient for
 3  counsel, you know, if there is any issue I could let
 4  you know, but --
 5           THE COURT:  Okay, so Cinco de Mayo, 12:30 or
 6  is it 12, Diane, 12:00, right?
 7           THE CLERK:  12 p.m.
 8           THE COURT:  Okay, May 5th, 12 p.m., if that
 9  turns out to be a problem for either of you once you
10  have access, full access to your calendars, just meet
11  and confer on another date or time, like later that
12  day I'm open also so if it's just a matter of timing
13  and keeping it on the same day, just propose a couple
14  of dates and we'll work it out, okay?
15           MR. KLEIN:  Thank you.
16           THE COURT:  All right, anything else we need
17  to do on the record?
18           MR. KLEIN:  Nothing for the plaintiff, thank
19  you.
20           MS. SAINT-FORT:  Nothing for defendants, Your
21  Honor.
22           THE COURT:  All right, thank you very much, we
23  are adjourned. I'm going to request that the parties
24  order a copy of the transcript and share the cost.
25               (Whereupon the matter is adjourned.)
```

```
 1                                                        16
 2                    C E R T I F I C A T E
 3
 4        I, Carole Ludwig, certify that the foregoing
 5   transcript of proceedings in the United States District
 6   Court, Southern District of New York, Osgood versus City of
 7   New York, et al., docket #21cv9460, was prepared using PC-
 8   based transcription software and is a true and accurate
 9   record of the proceedings.
10
11
12
13
14   Signature  ___Carole Ludwig___
15              CAROLE LUDWIG
16   Date:  March 16, 2022
17
18
19
20
21
22
23
24
25
```