

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **DOMINIQUE F. SAINT -FORT**<br>*Senior Counsel*<br>Labor & Employment Law Division<br>(212) 356-2444<br>dosaint@law.nyc.gov |

April 25, 2022

**VIA ECF**
Hon. Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

>     Re:    *Osgood v. City of New York, et al.*
>               21 CV 9460 (JPC)(OTW)

Dear Judge Wang:

I am an Assistant Corporation Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Defendants in the above-referenced action. I write in accordance with Your Honor's order dated April 8, 2022, ordering that by April 25, 2022 Defendants "shall inform the Court whether: (1) they request that the Court deem the pending Motion to Dismiss (ECF 55, 56) to be addressed to the Amended Complaint; or (2) they intend to move to dismiss or otherwise respond to the Amended Complaint."

In response to that order, Defendants wish to inform the Court that they intend to move to dismiss the Amended Complaint (*see* ECF Dkt. No. 61). After consultation with Plaintiff's counsel, Defendants propose the following briefing schedule: Defendants will filed their motion to dismiss the Amended Complaint by May 27, 2022; Plaintiff will file their opposition by July 8, 2022; and Defendants will file their reply by July 29, 2022. Notably, Plaintiff's counsel is on trial the week of June 20, 2022, and therefore needs additional time to file their opposition.

Additionally, with respect to discovery during the pendency of motion practice, Defendants respectfully request that the Court issue an order limiting discovery to paper documents only, not ESI. As Your Honor is aware, Defendants requested that discovery be stayed in full prior to the filing of their original motion to dismiss on the ground that their motion would be fully dispositive. Now, Plaintiff has amended his Complaint after the full benefit of seeing and reviewing Defendants'

arguments regarding the deficiencies in the original Complaint, and Defendants intend to again move to dismiss the Complaint in its entirety because those deficiencies still exist.

The parties have served initial disclosures as well as discovery requests. Defendants, however, request that given motion practice and the significant burden ESI review and production would require, that ESI discovery be stayed during the pendency of motion practice. In particular, the individual defendants in this action are current and former high-level executives in NYPD. Their mailboxes – which are significantly massive – are very likely to include highly sensitive information, in addition to privileged communications as some of the custodians were within NYPD's Legal Bureau. The considerable amount of time and effort required to collect and review ESI to prepare for production is not proportional to the needs of this case, where Defendants are confident as to the merits of their motion to dismiss to entire complaint. Thus, Defendants request that ESI discovery be stayed during motion practice. *See D.L. Cromwell Invs., Inc. v. NASD Regulation, Inc.*, 2002 U.S. Dist. LEXIS 11937, *2 (S.D.N.Y. 2002) (discovery was stayed pending determination of defendants' motion to dismiss).

Plaintiff's position on ESI discovery is as follows: Plaintiff does not consent to defendants' request to stay ESI discovery. Plaintiff's claims are of the type that are likely to be proved through circumstantial evidence contained within internal communications such as emails between the named defendants, rather than in a formal memo or document that might be produced through paper document discovery. *See e.g. Bagley v. Yale Univ.*, 307 F.R.D. 59, 66 (D. Conn. 2015). Therefore, the ESI discovery sought is not only relevant, but likely necessary to plaintiff's claims. Given that is has already been determined that discovery is proceeding during the pendency of defendants' motion to dismiss, and given plaintiff's demonstrated need for the discovery, defendants' bare assertion that ESI would be time consuming is insufficient to demonstrate that production would be so unduly burdensome as to merit staying such discovery. *See Equal Emp. Opportunity Comm'n v. Green Lantern Inn, Inc.*, No. 19-CV-6704 FPG/MJP, 2021 WL 164283, at *2 (W.D.N.Y. Jan. 19, 2021); *Black Love Resists In the Rust by & through Soto v. City of Buffalo, N.Y.*, 334 F.R.D. 23, 29 (W.D.N.Y. 2019). Based on the foregoing, it is plaintiff's position that ESI discovery should not be stayed.

Accordingly, Defendants request that Your Honor enter the aforementioned briefing schedule for their motion to dismiss and stay discovery of ESI during the pendency of motion practice.

Respectfully submitted,

*/s/ Dominique F. Saint-Fort*
Dominique F. Saint-Fort
Senior Counsel

cc:    Brett H. Klein, Esq. PLLC, *Attorneys for Plaintiff* (via ECF)